IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
ALTAGRACIA DIAZ, on behalf of herself and all
others similarly situated,

    Plaintiff,

vs.

NEW PENN FINANCIAL, LLC,
d/b/a SHELLPOINT MORTGAGE SERVICING,

    Defendant.
-----------------------------------------------------------x

COMPLAINT – CLASS ACTION

CV 15 4754

SEYBERT, J

BROWN, M. J.

## INTRODUCTION

1. Plaintiff Altagracia Diaz brings this action to secure redress from unlawful credit and collection practices engaged in by defendant New Penn Financial, LLC, doing business as Shellpoint Mortgage Servicing ("Shellpoint"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Altagracia Diaz is an individual who resides in the Eastern District of New York.

5. Defendant Shellpoint is a limited liability company organized under Delaware law

1

with its principal place of business at 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462 . It does business in New York. Its registered agent and office is Corporation Service Company, 80 State Street, Albany, NY, 12207-2543

6. Shellpoint regularly acquires and services delinquent mortgages.

7. Shellpoint uses the mails and telephone to collect on consumer mortgages that are in default when Shellpoint is first involved.

8. Shellpoint holds itself out as a "special servicer", and obtains ratings as such from rating agencies. A "special servicer" is one that services distressed (non-current) mortgages and seeks out the servicing of distressed mortgages.

9. According to an evaluation by S&P, one of the rating agencies, as of December 31, 2013, Shellpoint had 15,433 "special servicing" loans nationally, with a principal balance of $2,654,000,000, of which 3.86% by number (about 600) and 6.4% by outstanding balance were in the state of New York.

10. Shellpoint is a debt collector as defined in the FDCPA.

## FACTS

11. On or about November 26, 2014, defendant sent plaintiff the letter attached as Appendix A for the purpose of collecting an alleged consumer debt secured by plaintiff's home.

12. Appendix A is a standard form document, filled out in a standardized manner.

13. Appendix A does not accurately state the amount of the loan. Instead it provides a principal balance, $347,224.81, and an escrow balance, $-48,419.68. The latter represents additional indebtedness. Even if the minus sign is removed and the two numbers are added together, they do not equal the entire debt.

14. On or about December 1, 2014, defendant sent plaintiff the notice attached as Appendix B.

15. Appendix B purports to provide the "notice of debt" required by 15 U.S.C.

§1692g.

16. Appendix B is a standard form document, filled out in a standardized manner.

17. Appendix B states that "As of 12/01/2014, our records reflect the current amount of the debt is $210,404.86. This debt consists of principal, interest, and, if applicable, negative escrow and service fees."

18. Appendix B alters the language of §1692g to imply that any dispute must be in writing.

19. Plaintiff disputed the debt in writing.

20. In response, on or about January 29, 2015 Shellpoint sent plaintiff the letter attached as Appendix C, which stated that as of that date the amount of the debt was $483,448.91.

21. An increase in the amount of the debt from $210,404.86 to $483,448.91 over a period of less than two months is inconsistent with the note and mortgage. One or both of the numbers is wrong.

## COUNT I – FDCPA – CLASS CLAIM

22. Plaintiff incorporates paragraphs 1-21.

23. Appendix B does not accurately disclose the consumer's rights under 15 U.S.C. §1692g.

24. Appendix B does not accurately state the amount of the debt. Alternatively, the inconsistent numbers in Appendix A, Appendix B, and Appendix C result in a failure to make a clear disclosure, and are confusing and misleading.

25. Defendant thereby violated 15 U.S.C. §§1692e and 1692g.

26. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation**

of this section: . . .

>    (2) The false representation of--

>       (A) the character, amount, or legal status of any debt; . . .

>    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

27. Section 1692g provides:

    § 1692g. Validation of debts

    (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    >    (1) the amount of the debt;

    >    (2) the name of the creditor to whom the debt is owed;

    >    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    >    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    >    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in

**subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

29. The class consists of (a) all individuals in New York (b) who received a document in the form of Appendix B (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

30. The class is so numerous that joinder of all members is not practicable. On information and belief, based on the available statistics concerning the extent of defendant's special servicing activities in New York, there are at least 40 members in the class.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions include (a) whether defendant has a practice of sending letters in the form of Appendix B, (b) whether the form of letter violates the FDCPA, and (c) whether the manner in which the amount of the debt is computed in Appendix B is incorrect.

32. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

34. A class action is superior for the fair and efficient adjudication of this matter, in that: (a) individual actions are not economically feasible, (b) members of the class are likely to be unaware of their rights, and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    i.    A declaration that defendant's letter violates the FDCPA

    ii.    Statutory damages;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other and further relief as the Court deems proper.

/s/ Abraham Kleinman

Abraham Kleinman
Kleinman LLC
626 RXR Plaza
Uniondale, NY 11556-0626
516-522-2621
888-522-1692 (FAX)

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\30562\Pleading\Complaint REVISED_Pleading.wpd

# APPENDIX A



**Shellpoint Mortgage Servicing**

Phone Number: 800-365-7107
Fax: 866-467-1137
www.shellpointmtg.com

Mon - Thurs: 8:00AM-10:00PM
Fri: 8:00AM-10:00PM
Sat: 8:00AM-3:00PM

REDACTED

11/26/2014 

RE:

Dear Mortgagor(s):

Welcome to Shellpoint Mortgage Servicing ("Shellpoint"). Shellpoint ensures that trust, integrity and sound practices are the cornerstone of our relationships. We are committed to providing quality customer service and are excited you are a part of the Shellpoint family.

Effective 11/3/2014, the servicing of your mortgage loan is transferring from Residential Credit Solutions to Shellpoint. The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than the terms directly related to the servicing of your loan (i.e., payments and inquiries). To ensure a smooth transfer, please review the following important information regarding your loan payments.

Except in limited circumstances, the law requires your present servicer and new servicer send notice at least 15 days before the effective date of transfer, or at closing. In this case, all necessary information has been combined in this one notice.

Our records indicate that your 10/1/2011 payment is due. Effective 11/3/2014, please send your mortgage payments to Shellpoint using one of the options below. As of the date of this letter, the principal balance is $347,224.61 and your escrow balance is $-48,419.68. If you wish to pay off the balance, please contact us at the number listed below to determine the payoff amount as interest, payments, credits, fees and/or other permissible charges can continue to cause your account balance to vary from day to day.

The date that your present servicer will stop accepting payments from you is 11/3/2014. The date that your new servicer will start accepting payments from you is 11/3/2014. Send all payments due on or after that date to your new servicer.

Please review the following Payment Options:

| Pay Online: | Send via Mail to: | Send via Western Union: |
|---|---|---|
| www.shellpointmtg.com | Shellpoint Mortgage Servicing | Call (800) 325-6000 |
| Pay by Phone: | P.O. Box 19006 | Code City: Resurgent |
| 800-365-7107 | Greenville, SC 29602-9006 | Code State: SC |

You will receive a Billing Statement from Shellpoint each month. However, if you do not receive a statement before your payment is due, please send your payment with the included payment coupon attached below.

If more than one loan is transferring to Shellpoint, this letter refers only to loan number 9918. Shellpoint will send you a Welcome Letter and Temporary Coupon for each loan. When making payments, please send the correct amount for each loan and include the payment coupon(s) with your remittance.

If you pay by check, you are authorizing Shellpoint to use the check information to make a one-time electronic debit for each check presented from the account at the financial institution designated on the check. This electronic debit will be for the exact amount indicated on the check.

---- ✂ Detach Temporary Payment Coupon And Return With Payment ✂ ----

**PAYMENT COUPON**

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED



| Loan Number | 9918 |
| First Payment Due Date | 10/1/2011 |
| Monthly Payment Amount | $ 5,160.08 |
| Amount Enclosed: | $ |

S-SFRECS20 L-10-M A 9918 R-101
P413KI00100170 - 039668263 100600

ALTAGRACIA DIAZ

**Please mail your payment and this coupon to:**

SHELLPOINT MORTGAGE SERVICING
P.O. BOX 19006
GREENVILLE, SC 29602-9006

SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.

P I000001 A-05555849918 0014701020J0400

# APPENDIX B

P.O. BOX 1410
TROY, MI 48099-1410
RETURN SERVICE REQUESTED



REDACTED
Mon - Thurs: 8:00AM-10:00PM
Fri: 8:00AM-10:00PM
Sat: 9:00AM-3:00PM

Phone Number: 800-365-7107
Fax: 866-467-1137
www.shellpointmtg.com



S-9FRECS20 L-0039 A-0655849918 R-101
P41FYW00100152 - 040131445 I00304

Loan Number: 9918
Principal Balance: $347,224.81
Property:

12/01/2014

## VALIDATION OF DEBT NOTICE

Dear Mortgagor(s):

1. As of 12/01/2014, our records reflect the current amount of the debt is $210,404.86. This debt consists of principal, interest, and, if applicable, negative escrow and service fees. For additional information, including a payoff request, please contact our office by mail, by phone, or through our website.

2. The creditor to whom the debt is owed is VM Trust Series 3. Shellpoint Mortgage Servicing ("Shellpoint") is collecting the debt on behalf of VM Trust Series 3, and you may pay the debt to our office at the address indicated below.

3. Unless you notify Shellpoint within 30 days of receipt of this notice that you dispute the validity of the debt, or any portion thereof, Shellpoint will assume the debt to be valid.

4. Within 30 days of receipt of this notice, you may dispute the validity of the debt in writing. At that time, Shellpoint will obtain verification of the debt and a copy of the verification will be sent to the referenced mailing address.

5. Within 30 days of receipt of this notice, you may request in writing that Shellpoint provide you with the name and address of the original creditor.

Should you have questions, please contact our offices at 800-365-7107 or visit our website at www.shellpointmtg.com.

For your benefit and assistance, there are government-approved home ownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call (800) 569-4287.

Send written correspondence to:
Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826

Send payments to:
Shellpoint Mortgage Servicing
P.O Box 19006
Greenville, SC 29602-9006

Sincerely,

Shellpoint Mortgage Servicing

SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.

P I000001 A- 9918 0131701011J0400



**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

New York City:

New York City Consumer Affairs license number 1471002.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and twelve months after the servicemember's military or other service. Counselling for covered servicemembers is available from Military OneSource and the United States Armed Forces Legal Assistance or other similar agencies.

The following is a Spanish translation of the information previously provided:

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una eliminación de esta deuda por bancarrota: tenga en cuenta que esta notificación tiene como fin informarle sobre el estado de su préstamo hipotecario. Este aviso no constituye una exigencia de pago ni un aviso de responsabilidad civil contra ninguno de los destinatarios de la presente notificación, que pudiese haber recibido un descargo de este tipo de deuda de conformidad con la legislación vigente sobre bancarrota o que pudiera ser objeto de suspensión automática en virtud del Artículo 362 del Código de Bancarrota de los Estados Unidos. No obstante, puede ser una notificación de una posible aplicación de gravamen sobre la propiedad como garantía, que aún no ha sido descargada en su proceso de bancarrota.

New York City:

Número de licencia 1471002 de Asuntos del Consumidor de la Ciudad de Nueva York.

**Atención uniformados y dependientes:** la Ley federal de Ayuda Civil para Uniformados y algunas leyes estatales brindan importantes protecciones para usted, que incluyen protecciones para las tasas de interés y la prohibición de las ejecuciones hipotecarias en la mayoría de las circunstancias durante y doce meses después del servicio militar u otro tipo de servicio. Hay consejería para los uniformados disponible de Military OneSource y de United States Armed Forces Legal Assistance (Asistencia jurídica para las Fuerzas Armadas de los Estados Unidos) u otros organismos similares.

# APPENDIX C




# Shellpoint
## Mortgage Servicing

55 Beattie Place, Suite 110  
Greenville, SC 29601

Toll Free Phone 1-800-365-7107  
Toll Free Fax 1-866-467-1137

*Hours of Operation*  
Monday-Friday 8:00AM-10:00PM  
Saturday 8:00AM-3:00PM

January 29, 2015

Altagracia Diaz

RE: **Original Creditor:** GreenPoint Mortgage Funding, Inc.  
**Current Owner:** Wilmington Trust, N.A. (not in its individual capacity, but solely as trustee for VM Trust Series 3, a Delaware statutory trust)  
**Account Number:** xxxxxx1721  
**Reference Number:** 9918  
**Date of Last Payment:** September 1, 2011

Dear Ms. Altagracia Diaz,

This letter is in response to your correspondence received December 15, 2014, regarding the above referenced loan. Wilmington Trust, N.A. (not in its individual capacity, but solely as trustee for VM Trust Series 3, a Delaware statutory trust) is the owner of the loan ending in 1721. Shellpoint Mortgage Servicing ("Shellpoint") began servicing the loan on behalf of the owner referenced above, on or about November 3, 2014.

As of the date of this communication, the balance owed is $483,448.91, which includes interest, fees and debits. Because interest, payments, credits, fees, and/or other permissible charges can cause the loan balance to vary from day to day, please contact us at 800-365-7107 to determine the exact balance. Please review the following loan information:

1. The current owner of this loan is Wilmington Trust, N.A. (not in its individual capacity, but solely as trustee for VM Trust Series 3, a Delaware statutory trust)
2. This loan originated on March 26, 2007, for a mortgage.
3. The original loan was for $438,900.00, with an interest rate of 7.375% and monthly payments of $4,037.54.
4. Payments were to be made on the first day of each month, beginning May 1, 2007, plus any remaining amount due on the maturity date of April 1, 2022.
5. No payments have been received since this loan was transferred to Shellpoint.
6. The loan is past due and has been since October 1, 2011.

Enclosed is a copy of the Mortgage, Note, Uniform Residential Loan Application, Truth in Lending Disclosure Statement, Good Faith Estimate, Settlement Statement, Notice of Transfer of Service, and the loan transaction history.

AS012920015B



If we do not receive additional information from you within 30 days of the date this letter is received, then we will assume this dispute is resolved. If you have any further questions, comments, or concerns, please contact Customer Service at the number referenced above.

Sincerely,

A.Maia
Shellpoint Mortgage Servicing

---

This communication is sent to you by Shellpoint Mortgage Servicing, a professional debt collector.

**Please read the following important notices as they may affect your rights.**

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

New York City Department of Consumer Affairs license number 1204239

The following is a Spanish translation of the information previously provided:

**Lea por favor las siguientes avisos importantes que puedan afectar sus derechos.**

El objeto de la presente notificación es gestionar el cobro de la deuda, y toda información obtenida será utilizada a tal fin. La presente comunicación proviene de un agente de cobro de deudas.

Si usted es un cliente en situación de bancarrota o un cliente que ha recibido una eliminación de esta deuda por bancarrota: tenga en cuenta que esta notificación tiene como fin informarle sobre el estado de su préstamo hipotecario. Este aviso no constituye una exigencia de pago ni un aviso de responsabilidad civil contra ninguno de los destinatarios de la presente notificación, que pudiese haber recibido un descargo de este tipo de deuda de conformidad con la legislación vigente sobre bancarrota o que pudiera ser objeto de suspensión automática en virtud del Artículo 362 del Código de Bancarrota de los Estados Unidos. No obstante, puede ser una notificación de una posible aplicación de gravamen sobre la propiedad como garantía, que aún no ha sido descargada en su proceso de bancarrota.

Número de licencia 1204239 de Asuntos del Consumidor de la Ciudad de Nueva York

AS01292015B

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*Abraham Kleinman*
———————————————
Abraham Kleinman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

Abraham Kleinman (AK-6300)