EXECUTION VERSION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAGRACIA DIAZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEW PENN FINANCIAL, LLC,<br>d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>Defendant. | Civil Action No. 15-4754-JS-GRB<br><br>**PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT** |

This matter comes before the Court on the joint request (the "Joint Motion") of Plaintiff Altagracia Diaz, individually and on behalf of a class of persons similarly situated (the "Plaintiff" or "Class Representative"), and Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Defendant," together Plaintiff and Defendant are referred to as the "Parties"), for preliminary approval of the Class Action Settlement Agreement and Release, dated ~~July~~ November 30, 2016 (the "Settlement Agreement").

The Court has reviewed the Settlement Agreement and the Joint Motion, including the exhibits attached thereto, and good cause appearing therefrom:

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court, for the purposes of this Preliminary Approval Order of Class Action Settlement ("Preliminary Approval Order"), adopts all defined terms as set forth in the Settlement Agreement.

2. The Court finds that the proposed settlement terms, as outlined in the Settlement Agreement, are within the range of fairness and reasonableness and grants preliminary approval to the Settlement Agreement.

**EXECUTION VERSION**

3. The Court hereby provisionally certifies the following Class solely for settlement purposes:

The Class is defined as: (a) all individuals in the State of New York, (b) who were sent a document in the form of <u>Appendix B</u> to the Complaint, (c) on or after August 14, 2014 and on or before October 23, 2015, (d) concerning a loan that Defendant began servicing after it was in default, and (e) whose letter was not returned as undeliverable or without a forwarding address. Defendant represents that the Class described above includes approximately 1279 persons.

4. Based on the Parties' Joint Motion, and for settlement purposes only:

    a. the Class Members as defined are sufficiently numerous such that joinder is impracticable;

    b. common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether or not Defendant's debt validation letter violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(e) and 1692(g) ("FDCPA");

    c. Plaintiff Altagracia Diaz's claims are typical of the Class Members' claims;

    d. Plaintiff Altagracia Diaz is an appropriate and adequate representative for the Class and her attorneys, Edelman, Combs, Latturner and Goodwin, LLC, & Kleinman, LLC are hereby appointed as Class Counsel; and

    e. a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

5. If the Settlement Agreement is not given final approval for any reason or in any way, or the Effective Date of the Settlement Agreement does not occur, or the Settlement

**EXECUTION VERSION**

Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in this Action as of the approximate date prior to which the agreement-in-principle to settle this Action was reached. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other proceeding, and shall not be used in this Action or in any other proceeding for any purpose, except as provided in the Settlement Agreement or herein.

6. A hearing on the fairness and reasonableness of the Settlement Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held before this Court on **March 30**, 201**7** at **2:00** a.m.(**p.m.**) (the "Fairness Hearing") (120 days after entry of the Preliminary Approval Order).

7. The Court approves the proposed form of Notice to the Class Members, to be directed to the last known address of the Class Members as shown on Defendant's records. Defendant or Defendant's Counsel shall cause Class-Settlement.com (the "Settlement Administrator") to mail the Notice to Class Members on or before **December 30**, 2016 (within 30 days after entry of the Preliminary Approval Order). The Settlement Administrator shall have the Notice sent by any form of bulk mail that provides address-forwarding mail to each address. It will re-mail any Notice that is returned with a forwarding address within five (5) business days.

8. The Court finds that mailing of the Notice and the other measures specified above to locate and notify Class Members is the only notice required and that such Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

**EXECUTION VERSION**

9. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) ("CAFA") by __December 12__, 2016.

10. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the Class Members are required.

11. Class Members shall have forty-five (45) days from the mailing of the Notice to Class Members to submit a valid Claim Form or request exclusion from the Settlement Agreement. If Notice is mailed on __December 30__, 2016, Class Members shall have until __February 14__, 2017 (the "Deadline") to submit a valid Claim Form or a request for exclusion.

12. Any Class Member who desires to receive a share of the Class Settlement Fund must submit a valid Claim Form that is received by the Settlement Administrator by the Deadline.

13. Any Class Member who desires to exclude himself or herself from the Settlement Agreement must mail a request for exclusion that is received by the Settlement Administrator by the Deadline. The request for exclusion must be in writing and make clear that exclusion is sought by submitting a letter stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN DIAZ V. NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING." The request for exclusion must also contain the excluded Class Member's name, address, month and date of birth, and signature.

**EXECUTION VERSION**

14. A Class Member who is excluded from the Class by submitting a timely request for exclusion in accordance with the Settlement Agreement shall not be bound by the Settlement Agreement and shall not be entitled to any of its benefits.

15. Any Class Member who wishes to object to the Settlement Agreement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on Class Counsel and Defendant's Counsel by no later than fourteen (14) days before the Fairness Hearing date. Any objection must include the name and number of this Action, and a statement of the reasons why the objector believes that the Court should find that the Settlement Agreement is not in the best interests of the Class Members. Class Counsel and Defendant's Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law served no later than five (5) days prior to the Fairness Hearing. Objectors who have filed written objections to the Settlement Agreement may also appear at the Fairness Hearing and be heard on the fairness of the Settlement Agreement.

16. Any Class Member who does not make his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement Agreement, or the award of Attorneys' Fees to Class Counsel.

17. Class Counsel shall file its fee petition by _January 30_, 2017 (30 days after the mailing of Notice to the Class Members).

18. The Court notes that Defendant denies any liability to Plaintiff or to the Class Members for any matter whatsoever. Without conceding any infirmity in its defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that this Action be

**EXECUTION VERSION**

dismissed and that the claims against Defendant and its Related Parties be released, relinquished, and discharged on the terms set forth in the Settlement Agreement in order to avoid further expense, dispose of burdensome and protracted litigation, and put to rest all claims which have or could have been asserted against the Defendant arising from the claims alleged in the Complaint.

19. All discovery and other proceedings in this Action are stayed unless pursuant to the Court's Order for the purpose of implementing the Settlement Agreement or complying with the terms of the Settlement Agreement.

20. The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Settlement Agreement is terminated.

21. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Class Members.

SO ORDERED this __30__ day of __November__, 2016.

/s/ Gary Brown
~~HON. JOANNA SEYBERT, U.S.D.J.~~
HON. GARY R. BROWN, U.S.M.J.