UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTAGRACIA DIAZ, on behalf of herself and all others similarly situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>NEW PENN FINANCIAL, LLC,<br>d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>                  Defendant. | Civil Action No. 15-4754-JS-GRB<br><br>**FINAL**<br>**ORDER AND JUDGMENT** |

This matter came for hearing on July 8, 2016, upon the joint request (the "Joint Motion") of Plaintiff Altagracia Diaz, individually and on behalf of a class of persons similarly situated (collectively "Plaintiff" or "Class Representative"), and Defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Defendant," together Plaintiff and Defendant are referred to as the "Parties"), for approval of the Class Action Settlement Agreement and Release, dated July 2016 (the "Settlement Agreement"). Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the Settlement Agreement, and having reviewed the record in this action, and good cause appearing therefrom:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Final Order and Judgment (the "Final Order"), adopts all defined terms as set forth in the Settlement Agreement.

2. This Court preliminarily approved the Settlement Agreement, by Preliminary Approval Order of Class Action Settlement dated November 30, 2016 (the "Preliminary Approval Order").

3.   In the Preliminary Approval Order, the Court approved a form Notice for mailing to the Class Members.

4.   The Court is informed that the Notice was sent by first-class mail to 1,279 individuals who are deemed Class Members. A total of 69 envelope(s) were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 36 envelope(s) were returned and re-mailed to a forwarding address. Two Class Members submitted timely requests for exclusion and one (1) Class Member requested exclusion after the deadline of February 14, 2017, the Claim Form Deadline). Two-Hundred and Forty-One (241) Class Members submitted a valid Claim Form that was received by the Settlement Administrator by the Claim Form Deadline. Six (6) Class members submitted Claim Forms after the Claim Form submission deadline. The Court will allow the 6 late claimants to receive a share of the Class Settlement Fund. The Court has found that 247 Class Members will receive an equal share of the class settlement fund and 3 Class Members, Barton McClellan, Cheryl Smith and Stephen Guenther excluded themselves from the settlement.

5.   The Court received no objection(s) filed by Class Members by February 14, 2017, the deadline for the submission of objections set in the Preliminary Approval Order. No Class Member(s) appeared at the Fairness Hearing to object to the settlement.

6.   The Court has jurisdiction over the subject matter of this Action, the Plaintiff and the Class Members, and the Defendant.

7.   The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of New York law and due process under the United States Constitution.

8. The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

9. Except as to any individual claim of Class Members who are excluded from the Class, all of the Released Claims are dismissed with prejudice as to the Class Representative and the Class Members, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

10. For purposes of settlement, the Parties stipulate to the following Class:
(a) all individuals in the State of New York, (b) who were sent a document in the form of Appendix B to the Complaint, (c) on or after August 14, 2014 and on or before October 23, 2015, (d) concerning a loan that Defendant began servicing after it was in default, and (e) whose letter was not returned as undeliverable or without a forwarding address. The parties represent that there are a total of 1,279 Class Members.

11. The Court finds that the stipulated Class meets the requirements of Rule 23. Specifically, the Court finds that:

    (a) The Class is so numerous that joinder is impracticable;

    (b) There are questions of law and fact common to the Class Members, which common questions predominate over any questions that affect only individual Class Members;

    (c) Plaintiff Altagracia Diaz's claims are typical of the claims of the Class Members;

    (d) Plaintiff Altagracia Diaz and Class Counsel have fairly and adequately represented the interests of the Class Members; and

(e) A class action is superior to other alternative methods of adjudicating the issues in dispute between the Parties.

12. Excluded from the Class are 3 Class Members, Barton McClellan, Cheryl Smith and Stephen Guenther, who requested exclusion.

13. The Court approves the Releases set forth in Section 3 of the Settlement Agreement. The Releasing Parties (previously defined in the Settlement Agreement as "the Class Representative and each Class Member not opting out within the deadline set forth in paragraph 2.07" of the Settlement Agreement) release and forever discharge the Defendant and its Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, damages, agreements, liabilities, obligations, judgments and demands of any kind whatsoever, known or unknown, asserted or unasserted, direct or consequential, in law or in equity, which the Releasing Parties now have, ever had, or hereafter may have against the Released Parties, for any violations of the FDCPA, State fair debt collection laws, or any other claims or legal theories, relating to or arising out of the claims alleged in the Complaint. The releases in this paragraph include, but are not limited to, the Releasing Parties' unconditional release and discharge of the Released Parties from any claims raised or those which could have been raised in this Action relating to, arising from, or in any way connected to: (i) Defendant's form validation of debt letter attached as Appendix B to the Complaint; or (ii) Defendant's letters attached as Appendix A and Appendix C to the Complaint that could have been brought on behalf of a class of persons. The Class Representative and the Class Members do not release their right to dispute any alleged debt or mortgage, or any part of an alleged debt or mortgage, except as otherwise provided herein. This release is conditioned on the Parties meeting their remaining obligations under the Settlement Agreement.

14. Except as provided in paragraph 3.01 of the Settlement Agreement, the Class Representative and the Class Members do not waive or release any defenses available to them, if any, in defense of any underlying mortgage foreclosure litigation brought by or on behalf of Defendant.

15. The Settling Parties understand and agree that the Settlement Agreement does not affect the validity of any debt owed by any Class Member to Defendant or its clients, and the provisions of paragraph 3.01 of the Settlement Agreement shall be construed to exclude, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendant or its clients, nor impair or limit any right or cause of action by the Class Representative, or the Class Members to dispute the underlying debt or amount owed to Defendant or its clients.

16. The Court approves payment of Five Thousand Dollars ($5,000.00) to the Class Representative, c/o Class Counsel, for her actual and statutory damages and for her service as Class Representative, as a monetary incentive award within twenty-one (21) days after the Effective Date.

17. The Court approves payment of One Hundred Forty Thousand Dollars ($140,000.00), for the establishment of a Class Settlement Fund to be distributed on a *pro rata* basis to the <u>247</u> Class Members who submitted a valid Claim Form. Each Class Member shall receive a total of <u>$566.80</u> (in no event in excess of One Thousand Five Hundred Dollars ($1,500.00)). Defendant is to tender a check to the Settlement Administrator for One Hundred Forty Thousand Dollars ($140,000.00) within twenty-one (21) days after the Effective Date.

18. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement

or the settlement:

(a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Settlement Agreement and/or this Final Order from this Action may be used in any other action in order to support a defense or counterclaim based on the existence of the Settlement Agreement, such as *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

19. The Court dismisses the claims of the Plaintiff and the Class against Defendant with prejudice and without costs.

20. Within twenty-one (21) days after the Effective Date, Defendant shall make all payments required by the Settlement Agreement.

21. Within forty-five (45) days after the Effective Date, Defendant or Defendant's Counsel will cause the Settlement Administrator to issue the Settlement Checks to the Class Members that submitted a valid Claim Form by the Claim Form Deadline.

22. If any Class Member fails to cash a Settlement Check within ninety (90) days after the Settlement Checks are issued (the "Void Date"), the Settlement Check will be void, Defendant shall be released from any obligation to the Class Member, and the Class Member's right to receive benefits in this Action and pursuant to the Settlement Agreement shall be deemed

forfeited.

23. Within ten (10) days after the Void Date, any Remaining Funds shall be disbursed as follows:

    (a) fifty percent (50%) to The Legal Aid Society, 199 Water Street, New York, New York 10038 as a *cy pres* award; and

    (b) fifty percent (50%) to be returned to Defendant.

24. When all of the following have been completed: (i) payment to the Class Representative, (ii) payment to the Class Members who submitted valid Claim Forms by the Claim Form Deadline, (iii) the expiration of fifteen (15) days after the Void Date, (iv) payment of Attorneys' Fees, and (v) payment of the Remaining Funds as specified in paragraph 20, Defendant's Counsel shall file a "Notice of Compliance" that the terms of the Settlement Agreement have been complied with and all Class Members who are entitled to receive Settlement Checks have been issued such Checks, and any money remaining in the Class Settlement Fund has been disbursed in accordance with paragraph 20 herein.

25. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of Seventy Thousand Dollars ($70,000.00). The Court finds that Class Counsel's petition is fair and reasonable. Defendant shall pay Seventy Thousand ($70,000.00) to Class Counsel in accordance with the Settlement Agreement. Payment shall be made within twenty-one (21) days after the Effective Date.

26. The Court reserves exclusive and continuing jurisdiction over this Action, the Class Representative, the Class, and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Final Order.

> The Court ADOPTS Magistrate Judge Brown's Report and Recommendation (Docket Entry 39) and GRANTS class counsel's motion for attorneys' fees (Docket Entry 34). The Clerk of the Court is directed to mark this case CLOSED

27. This case is hereby terminated. This is a final decision for purposes of 28 U.S.C. § 1291.

SO ORDERED this 26th day of June, 2017.

/s/ JOANNA SEYBERT
HON. JOANNA SEYBERT, U.S.D.J.